ORDER

PER CURIAM.
The Acting Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and dismiss for lack of jurisdiction Alma S. Johnson’s appeal from the United States Court of Appeals for Veterans Claims. Johnson opposes.
Johnson’s deceased husband, John Johnson, served honorably in the U.S. Army from April 1963 to October 1964. He died on February 16, 1992. At the time of his death, Johnson was service connected for bronchial asthma and obstructive pulmonary ventilation. In September 1993, the claimant sought dependency and indemnity compensation (DIC) benefits. A Department of Veterans Affairs regional office denied her entitlement to DIC benefits on the ground that there was no evidence connecting the veteran’s service-connected conditions to the cause of his death. Johnson did not appeal that decision, thereby rendering it final.
In January 2003, Johnson sought to reopen her previously and finally denied claim for DIC benefits. In October 2005, the Board of Veterans’ Appeals denied her claim determining that no new and material evidence had been presented. Johnson appealed to the Court of Appeals for Veterans Claims. On June 4, 2007, the Court of Appeals for Veterans Claims affirmed the Board’s decision. Johnson now appeals, seeking review by this court.
The court’s jurisdiction to review decisions of the Court of Appeals for Veterans Claims is limited. See Forshey v. Principi, 284 F.3d 1335, 1338 (Fed.Cir.2002) (en banc). Under 38 U.S.C. § 7292(a), this court has jurisdiction over rules of law or the validity of any statute or regulation, or an interpretation thereof relied on by the court in its decision. This court may also entertain challenges to the validity of a statute or regulation, and to interpret constitutional and statutory provisions as needed for resolution of the matter. 38 U.S.C. § 7292(c). In contrast, except where an appeal presents a constitutional question, this court lacks jurisdiction over challenges to factual determinations or laws or regulations as applied to the particular case. 38 U.S.C. § 7292(d)(2).
Johnson asserts in her informal brief that her appeal involves issues of statutory *260 or regulation interpretation. Specifically, she contends that the court and the Board failed to properly weigh the evidence by giving too much weight to the autopsy report and too little weight to her husband’s death certificate. Although Johnson asserts that her arguments involve issues of statutory or regulatory interpretation, this court must look beyond the appellant’s characterization of the issue to determine whether it falls within the jurisdiction of this court. Flores v. Nicholson, 476 F.3d 1379, 1382 (Fed.Cir.2007); Heifer v. West, 174 F.3d 1332, 1335 (Fed.Cir.1999). Here, Johnson’s arguments regarding how the evidence was weighed only raise issues of fact which this court is unable to review. Because we agree with the Acting Secretary that this court lacks jurisdiction, we must dismiss Johnson’s appeal.
Accordingly,
IT IS ORDERED THAT:
(1) The Secretary’s motion is granted.
(2) Each side shall bear its own costs.